# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**WILEY ZACHARY CARROLL (# 71373)**                                    **PETITIONER**

**v.**                                                              **No. 3:09CV43-M-A**

**STATE OF MISSISSIPPI, ET AL.**                                    **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of state prisoner Wiley Zachary Carroll for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and Carroll has responded. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss will be granted and the petition dismissed as untimely filed.

### Facts and Procedural Posture

On February 10, 2004, Wiley Zachary Carroll pled guilty plea to attempted armed robbery and was sentenced in the Circuit Court of Tippah County, Mississippi, to a term of twenty (20) years with eleven (11) suspended to be served in the custody of the Mississippi Department of Corrections. By statute, there is no direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. On February 26, 2004, Carroll signed a "Post-Conviction Relief Motion to Withdraw a Plea of Guilty,"("PCR") which was filed in the Tippah County Circuit Court. On March 24, 2004, the trial court denied Carroll's request for relief. Carroll then filed another motion for post-conviction relief in the trial court, which he signed on March 30, 2004. This second petition was denied on April 19, 2004. Carroll then filed a third PCR in the trial court which was signed on May 18, 2004. This petition was denied on June 7, 2004. At that point, Carroll filed yet another PCR in the trial court, dated August 31, 2004. This petition was denied on October 5, 2004.

On March 31, 2005, Carroll filed a petition for writ of mandamus in the Mississippi Supreme Court seeking a ruling on his August 31, 2004, petition to clarify his sentence in the Tippah County Circuit Court, which was docketed as Cause No. 2005-M-647. On April 26, 2005, the state supreme court ordered the trial judge to file a response. On April 26, 2005, the trial judge responded regarding several of Carroll's motions for post-conviction relief. On May 11, 2005, the supreme court requested a supplemental response from the trial court. On June 3, 2005, the supreme court again required a response. On June 6, 2005, the trial judge informed the state supreme court that Carroll's request for post-conviction relief had been denied on October 6, 2004. As such, on June 8, 2005, the Mississippi Supreme Court dismissed as moot Carroll's petition for mandamus. Carroll filed another petition for state post-conviction collateral relief in the Tippah County Circuit Court – which he signed on June 7, 2006 – and a writ of mandamus seeking a ruling on that petition. However, as the motion for post-conviction relief and the petition for writ of mandamus were filed beyond the expiration of the adjusted limitations period, the court will not discuss those filings.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

By statute, there is no direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. The Mississippi Supreme Court does, however, permit an appeal from a guilty plea within thirty (30) days when the issue involves an illegal sentence. *Acker v. State*, 797 So.2d 966 (Miss. 2001). Carroll's judgment therefore became final on March 11, 2004, thirty (30) days after he was sentenced on his guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003)(holding that a conviction becomes final when the deadline for appeal has expired). Thus, the initial deadline for Carroll to file his federal petition for a writ of *habeas corpus* was March 11, 2005 (one year from the date his conviction became final). The one-year limitations period was then tolled for: (1) twenty-seven (27) days while his "Post-Conviction Relief Motion to Withdraw a Plea of Guilty" was pending (February 26, 2004, through March 24, 2004); (2) twenty (20) days while his second request for state post-conviction relief was pending (March 30, 2004, through April 19, 2004); (3) another twenty (20) days while his third motion for post-conviction relief was pending (May 18, 2004, through June 7, 2004); and (4) thirty-five (35) days during the pendency of his fourth motion for post-conviction relief (August 31, 2004, through October 5, 2004). Thus, the original deadline for filing Carroll's federal petition for a writ of *habeas corpus* was tolled for a total of 102 days, extending the deadline to June 21, 2005 (March 11, 2005 + 102

days).

Although Carroll filed another motion for state post-conviction relief (signed on June 7, 2006) in the Tippah County Circuit Court – and later a request for writ of mandamus – these pleadings were filed after the June 21, 2005, deadline and thus did not toll the limitations period. In addition, a petition for a writ of mandamus does not qualify for statutory tolling under 28 U.S.C. §2244(d). *Moore v. Cain,* 298 F.3d 361, 366-367 (5th Cir. 2002).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on April 19, 2009, and the date it was received and stamped as "filed" in the district court on April 23, 2009. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 1,398 days after the June 21, 2005, filing deadline.

## Equitable Tolling

Carroll argues that he is entitled to equitable tolling because in several instances the court entered rulings on his motions, but he did not receive the rulings in the mail. Equitable tolling applies only "where the [petitioner] is actively misled by the [state] about the cause of action or is prevented in some extraordinary way from asserting his rights," *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996). In addition, a petitioner must be diligent in pursuing *habeas corpus* relief to enjoy equitable tolling. *Melancon v. Kaylo*, 259 F.3d 401 (5th Cir. 2001). A delay of four months in pursuit of *habeas corpus* relief precludes a finding that a petitioner has

been diligent. *Id.*

Equitable tolling cannot save Carroll's petition, which was filed 1,398 days late. He claims that on three occasions the trial court did not send him copies of rulings on his motions, thus causing delays in his attempts to obtain post-conviction relief. Again, giving Carroll the benefit of the doubt – and allowing 120 days (just under four months) of delay for each of the three times he claims not to have received rulings in the mail (the largest delay that Carroll could argue showed that he exercised due diligence under *Melancon*) – his petition would still be 1,038 days late (1,398 days - 360 days). Thus, even if the court held that equitable tolling were appropriate – and giving Carroll the benefit of every doubt under the law – his petition would still be filed over thirty months after the *habeas corpus* deadline expired. Thus, equitable tolling (even if it applied) would not render Carroll's petition timely.

The instant petition will therefore be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

SO ORDERED, this the 29th day of January, 2010.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**